# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUCIEN J. TUJAGUE, JR. | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-00631 |
| | § | Judge Mazzant |
| JASON ELBERT ADKINS, THE CASTRO | § | |
| FAMILY TRUST, LLC | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

The Court severs and transfers certain claims in this action to the Southern District of Ohio, for referral to the Bankruptcy Court, for the reasons described herein.

I.      **Background**

On September 5, 2018, Plaintiff Lucien J. Tujague, Jr. ("Tujague") filed a Complaint against Defendants Jason Elbert Adkins ("Adkins") and the Castro Family Trust (the "Trust"). Tujague's suit is based on two separate, albeit somewhat related, sets of allegations.  Tujague brings various fraud claims against Adkins, alleging that Adkins and John Eckerd ("Eckerd"), a defendant in a related case, *Tujague v. Eckerd*, No. 4:18-cv-00408, tricked him into investing in a non-existent tire business so that they could pocket any money he "invested."  Tujague also brings claims for fraudulent transfer against Adkins and the Trust, alleging that Adkins arranged for Landash Corporation ("Landash") to transfer roughly $3 million to the Trust (Dkt. #2 at 10-11). According to Tujague, these transfers were suspicious because Landash either was insolvent when the transfers were made or became insolvent as a result.  Landash filed for Chapter 7 bankruptcy in the Southern District of Ohio, No. 2:2018-BK-50300 on July 20, 2018.  The Court now concludes that Tujague's fraudulent transfer claims are core bankruptcy proceedings concerning

Landash's estate and, as a result, should be severed and transferred to the court handling Landash's bankruptcy.

## II. **Legal Standard**

28 U.S.C. § 1412 provides district courts with the authority to "transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties," 28 U.S.C. § 1412, either on motion or sua sponte, *see Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 973-74 (11th Cir. 2012) (finding that the court's authority to transfer a case is "triggered" after a complaint seeks a claim proceeding under title 11).[1] This means that transfer is appropriate where: (1) the plaintiff has brought a core bankruptcy proceeding and (2) it would *either* be "interest of justice *or* for the convenience of the parties." 28 U.S.C. § 1412 (emphasis added). *See LSREF2 Baron, LLC v. Aguilar*, No. 3:12-cv-1242-M, 2013 WL 230381, at *3 (N.D. Tex. Jan. 18, 2013).[2] A "core" proceeding includes "proceedings to determine, avoid, or recover fraudulent conveyances," among "other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." *See* 28 U.S.C. § 157(b)(2) (identifying a non-exhaustive list of "core" proceedings).

## III. **Discussion**

Tujague alleges that Adkins and the Trust engaged in a scheme to fraudulently transfer roughly $3 million from Landash to the Trust so that Landash could avoid its obligations to Tujague and its creditors. Because Tujague's claims require the Court to also find that *Landash*

---

[1] *See also LSREF2 Baron, LLC v. Aguilar*, No. 3:12-cv-1242-M, 2013 WL 230381, at *3 (N.D. Tex. Jan. 18, 2013) (transferring a case sua sponte under 28 U.S.C. § 1412) (citing *In re Henderson*, 197 B.R. 147, 156 (Bankr. N.D. Ala. 1996)); *Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (finding that courts may transfer an action sua sponte under 28 U.S.C. §§ 1404, 1406).

[2] Some courts have held that Section 1412 also authorizes the transfer of claims merely "related to" a bankruptcy. *See LSREF2 Baron*, 2013 WL 230381, at *3.

fraudulently transferred these funds to the Trust, they are inextricably tied to the administration and liquidation of Landash's estate and are therefore core bankruptcy proceedings. *See In re Branding Iron Motel, Inc.*, 798 F.2d 396, 399 n.3 (10th Cir. 1986) (explaining that claims which are "inextricably tied to the bankruptcy proceeding because [they] affect[] the liquidation of assets" are "core" proceedings); *Baudoin*, 981 F.2d 736, 742 (5th Cir. 1993) (citing the same passage from *In re Branding Iron Motel*). As a result, transferring Tujague's fraudulent transfer claims to the court handling Landash's bankruptcy is appropriate if it would either serve "the interest of justice *or* the convenience of the parties." 28 U.S.C. § 1412 (emphasis added). *See LSREF2 Baron*, 2013 WL 230381, at *3 (explaining that, unlike 28 U.S.C. § 1404, Section 1412 permits transfer *either* where it serves the interest of justice *or* the convenience of the parties).

Courts consider the following factors when deciding whether transferring a bankruptcy proceeding would serve the interest of justice: "(1) the economical and efficient administration of the bankruptcy estate, (2) the presumption in favor of the forum where the bankruptcy case is pending, (3) judicial efficiency, (4) the ability to receive a fair trial, (5) the state's interest in having local controversies decided within its borders by those familiar with its laws, (6) the enforceability of any judgment rendered, and (7) the plaintiff's original choice of forum." *See id.* at *4. The bankruptcy court is "strong[ly] presum[ed]" to be the proper forum (Factor No. 2), *see Bayou Steel Corp. v. Boltex Mfg. Co., L.P.*, No. Civ.A. 03-1045, 2003 WL 21276338, at *1 (E.D. La. June 2, 2003), and the Court sees no reason to find otherwise after weighing these factors. Transferring the case would serve "the paramount interest in the economical and efficient administration of [Landash's] estate … by consolidating the dispute into one forum," thereby "eliminating the risk of conflicting rulings." (Factor No. 1). *See id.*[3] It would also be more judicially efficient as a

---

[3] *See also Texas United Housing Program, Inc. v. Wolverine Mortgage Partner Retirement*, No. 3:17-cv-977-L, 2017 WL 3822754, at *10 (N.D. Tex. July 18, 2017), *adopted by*, 2017 WL 3726970 (N.D. Tex. Aug. 30,

general matter (Factor No. 3), considering the bankruptcy court's greater familiarity with the Landash estate and expertise in resolving core bankruptcy proceedings. *See id.* (citing the bankruptcy court's familiarity with the parties' allegations as weighing toward transferring the action). The Court acknowledges that other factors at least arguably weigh against transfer, such as Tujague's choice to file this suit in a Texas state court (Factor No. 7). However, because efficiency of the administration of the estate is "the most important consideration," *see Matter of Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979), the Court finds that transfer is proper on these grounds, *see LSREF2 Baron*, 2013 WL 230381, at *4 (reaching the same conclusion under similar facts).

The Court does not, however, transfer Tujague's other claims against Adkins because, at least at this time, these claims do not appear to implicate Landash's bankruptcy. *See Delce v. Amtrack*, 180 F.R.D. 316, 320 (E.D. Tex. 1998) ("[W]here claims are more properly tried in another forum, severance is the judicial tool of choice.") (citing several supporting cases). They, instead, appear to be based on the tire-selling scheme at issue in the related case against Eckerd, which is also before this Court.

IV.    **Conclusion**

Accordingly, the Court **SEVERS** and **TRANSFERS** Tujague's fraudulent transfer claims against Adkins and the Trust to the Southern District of Ohio, for referral to the Bankruptcy Court administering Landash's estate, No. 2:2018-BK-50300, and **DIRECTS** the Clerk of this Court to take all actions necessary and appropriate to effectuate the severance and transfer of these claims. The Clerk is **DIRECTED** to transfer this case without delay.

---

2017) (referring a case to the bankruptcy court, in pertinent part, because it "'would streamline the disposition of both this case' and the administration of the Bankruptcy Plan 'by bringing all matters related to the debtor and his assets into a single forum'") (quoting *Eggers v. TVZ Records, LLC et al.*, No. A-08-CA-668-SS, 2010 WL 11506652, at *2 (W.D. Tex. Jan. 22, 2010)).

**SIGNED this 21st day of September, 2018.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE